JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEM ROMAN MORONES,<br><br>Petitioner,<br><br>v.<br><br>WARDEN, ADELANTO ICE PROCESSING CENTER, *et al.*,<br><br>Respondents. | Case No. 5:26-cv-02907-HDV-ADS<br><br>**FINAL JUDGMENT AND INJUNCTION** |

1

Petitioner Sem Roman Morones ("Petitioner") filed a Petition for Writ of Habeas Corpus, ("Petition") [Dkt. 1], and an *Ex Parte* Application for a Temporary Restraining Order, [Dkt. 2], on May 28, 2026, which the Court also construed as a Motion for Preliminary Injunction.

On June 9, 2026, the Court held a hearing and granted Petitioner's Motion for Temporary Restraining Order and Preliminary Injunction and ordered Respondents to release Petitioner from custody at the hearing and to return Petitioner's property to him.  [Dkt. 10].

On June 12, 2026, the Court issued a written order that memorialized the basis for that release, [Dkt. 12], and further ordered that Respondents are:

- Enjoined and restrained from re-detaining Petitioner without immediately providing him with a pre-deprivation bond hearing.[1]

- Enjoined and restrained from removing Petitioner to a third country without notice and a meaningful opportunity to respond and contest such removal.[2]

---

[1] At any such hearing, consistent with Ninth Circuit precedent, the government will bear the burden of showing by clear and convincing evidence whether Petitioner poses a flight risk or danger to the public.  *See Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1200 (9th Cir. 2022); *Martinez v. Clark*, 124 F.4th 775, 785–86 (9th Cir. 2024) ("At the outset of its decision, the BIA properly noted that the government bore the burden to establish by clear and convincing evidence that [the detainee] is a danger to the community."); *id.* at 786 (reiterating that "due process requires . . . the government to prove dangerousness or risk of flight by clear and convincing evidence") (citing *Singh v. Holder*, 638 F.3d 1196, 1200, 1205 (9th Cir. 2011), *abrogated on other grounds as recognized by Rodriguez Diaz*, 53 F.4th at 1202); *Al-Sadeai v. U.S. Immigr. & Customs Enf't*, 540 F. Supp. 3d 983, 990–91 (S.D. Cal. 2021) (discussing Ninth Circuit precedent establishing the government's burden and finding the IJ's placement of the burden of proof on detainee violated the Due Process Clause); *Balwan v. Bondi*, 2026 WL 497098, at *9 (W.D. Wash. Feb. 23, 2026) (surveying circuit caselaw and concluding that the government should bear the burden); *Vazquez v. Mattos*, 2026 WL 658896, at *2 (D. Nev. Mar. 9, 2026) (requiring the government to bear the burden) (citing *Singh* and *Martinez*); *Lima v. Wofford*, 2025 WL 3535009, at *4 (E.D. Cal. Dec. 10, 2025) ("The statute is silent on the burden of proof required in a bond hearing under § 1226(a).  However, the Ninth Circuit has squarely ruled that due process requires that the Government bear the burden at a § 1226(a) bond hearing of justifying detention by clear and convincing evidence.") (citing *Singh*, 638 F.3d at 1203-06); *Mendoza v. Noem, et al.*, 2026 WL 683180, at *8-*9 (E.D. Cal. Mar. 11, 2026) (analyzing Ninth Circuit cases to find that the holding in *Singh* placing the burden on the government should still be followed).

[2] Rule 65(c) requires that, prior to granting injunctive relief, the Court require a movant to pay security "in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained."  Fed. R. Civ. P. 65(c).  "Despite the

*Id.*

The Court has received a joint stipulation, [Dkt. 13], wherein the parties jointly propose that the Petition, [Dkt. 1], be granted and that judgment be entered by the Court without any further proceedings, consistent with the reasonings and findings set forth in the PI Order [Dkt. 12]. [*See* Dkt. 13 at 2]. Accordingly, the Court grants the Petition, and the Clerk of Court shall enter judgment in favor of Petitioner and close this case. The Court shall retain jurisdiction to adjudicate any collateral enforcement issues.

Dated: June 24, 2026

_____

Hernán D. Vera
United States District Judge

---

seemingly mandatory language, Rule 65(c) invests the district court with discretion as to the amount of security required, if any." *Johnson v. Couturier*, 572 F.3d 1067, 1086 (9th Cir. 2009) (citation omitted). Accordingly, the Court waives the bond requirement here, as it is unlikely that the government will incur any significant cost and requiring a bond "would have a negative impact on plaintiff's constitutional rights, as well as the constitutional rights of other members of the public." *Baca v. Moreno Valley Unified Sch. Dist.*, 936 F. Supp. 719, 738 (C.D. Cal. 1996) (citation omitted).